# IN RE MASON.

### PATENTS; PATENTABILITY.

Putting two well-known devices together—such as combining an ordinary tool or blade in common use in caulking the seams of ships with oakum, with an automatically operating pneumatic hammer, which is adapted to be controlled and adjusted by hand—is nothing more than an obvious double use that would occur to anyone skilled in the art, and is not invention, although the combination may cheapen the cost of production. Such considerations have weight only when the question of patentability is otherwise in doubt.

No. 508. Patent Appeals. Submitted May 19, 1908. Decided June 2, 1908.

HEARING on an appeal from a decision of the Commissioner of Patents denying certain of the claims in an application for a patent. *Affirmed.*

The facts are stated in the opinion.

*Mr. Francis T. Chambers* and *Mr. John E. Hubbell* for the appellant.

*Mr. Webster S. Ruckman* for the Commissioner of Patents.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Appellant, Thomas Samuel Mason, has appealed from a decision of the Commissioner of Patents denying the claims 3 and 4 of his application for patent, as follows:

"3. A hand tool for caulking the seams of ships with oakum or the like, comprising a hollow handle, a caulking blade, an intermediate portion of which projects beyond its ends, said blade having a shank slidably supported in the handle, and an automatic hammer in the handle for operating the blade, said tool being adapted to rock freely in the hands of the operator, and, in its longitudinal rocking motion, to present different portions of its caulking face to a seam under treatment, said hammer simultaneously delivering a rapid succession of blows to the blade.

"4. A hand tool for caulking the seams of ships with oakum or the like, comprising a hollow handle, a caulking blade, an intermediate portion of which projects beyond its ends, said blade having a shank slidably supported in the handle and of such length as to afford a hand grip between the handle and blade, and an automatic hammer in the handle for operating the blade, said tool being adapted to rock freely in the hands of the operator, and, in its longitudinal rocking motion, to present different portions of its caulking face to a seam under treatment, said hammer simultaneously delivering a rapid succession of blows to the blade."

Without repeating the references showing the previous state of the art, which are recited in the decisions of the tribunals of the Patent Office, we think it sufficient to say that the claim of invention consists in putting two well-known devices together. The applicant has combined an ordinary tool or blade in com-

mon use in caulking the seams of ships with oakum, with an automatically operating pneumatic hammer, which is adapted to be controlled and adjusted by hand. Automatic hammers of the same general character have long been used for operating tools of many kinds. They have been used in chipping stone and metal and in caulking the seams of metal pipes. The automatic hammer has also been used for caulking the decks of ships, operating as part of a machine, and not by hand. The combination of the applicant is doubtless more effective than the one just mentioned,—especially so as the latter can be made to operate in contracted spaces, in corners, and upon inclined surfaces. But the same thing is true of the automatic hammers used in chipping stone and metal and in caulking the seams of metal pipes and fittings, although the last process is a quite different kind of caulking from that of caulking ships.

What the applicant has done is nothing more than an obvious double use that would naturally occur to one skilled in the art, with mind directed to cheapening the cost of ship caulking. That his combination will doubtless accomplish this desirable result is not sufficient to raise it to the dignity of invention. It is only when the question of patentability is otherwise in doubt, that such considerations can have weight.

The decision was right, and will be affirmed. The clerk will certify this decision to the Commissioner of Patents.

*Affirmed.*